UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:09-cv-407-KKC

GENNY HENSLEY and
EDWIN HENSLEY,                                                        PLAINTIFFS

v.                        **<u>MEMORANDUM OPINION AND ORDER</u>**

ANNETT HOLDINGS, INC. and
DANIEL R. CHELTON,                                                   DEFENDANTS

*** *** *** ***

    This matter is before the Court on the Defendants' Motion for Leave to File a Third-Party

Complaint (DE 27).  This motion has been fully briefed and is ripe for a decision.  For the

reasons set forth below, the Court will grant the Defendants' motion.

I.      **BACKGROUND**

    This case arises from a motor vehicle accident that occurred on December 6, 2007 on

Interstate 75 in Fayette County, Kentucky.  The Plaintiffs allege that they were injured when a

tractor-trailer negligently driven by the Defendant, Daniel R. Chelton, collided with their car.

The Plaintiffs also seek recovery from Defendant Annett Holdings, Inc. under a theory of

vicarious liability.

    The Defendants now move to implead a certain unknown driver whose actions allegedly

contributed to causing the accident.  This would allow some of the liability for the Plaintiffs'

injuries to be apportioned to a person who is not before the Court and who is currently

unavailable to pay their share of any verdict.  The Plaintiffs respond by arguing that the

Defendants have no legal authority to implead an unknown driver.

## II.    ANALYSIS

Impleader is governed by Federal Rule of Civil Procedure 14(a).  Rule 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."  The Sixth Circuit has recognized that "[t]he purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all interested parties in one suit." *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (citing *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D.Va. 2003)).  Rule 14 is procedural and the substantive rights of a third-party plaintiff must be determined by applying the appropriate state law.  *See Brown v. Mason & Dixon Lines, Inc.*, 2009 WL 196105, *1 (W.D.Ky. 2009) (citing *Roe v. Bryant & Johnston Co.*, 193 F.Supp. 804, 805 (E.D.Mich. 1961)).

In this case, more than fourteen days have passed since the service of the original answer; therefore, the Defendants must obtain leave of the Court before filing a third-party complaint.  Under Kentucky law, actions against unknown defendants are permitted. *Kentucky Farm Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797, 803 (Ky. 2005) (citing K�archive. R. Cɪᴠ. P. 4.15).  Although unknown, such a defendant "can nonetheless be apportioned fault for the purpose[ ] of determining [another defendant's] percentage of fault." *Ryan*, 177 S.W.3d at 803.  Specifically, in *Ryan*, the Supreme Court of Kentucky determined that it was proper for a defendant to join an unknown motorcyclist as a party in an action arising from an automobile collision for the purpose

of determining comparative negligence. *Id.*

Since *Ryan* was decided, district courts within the Sixth Circuit have recognized that a defendant can implead an unknown driver for purposes of apportionment. For example, in *Douglas v. C. Rueff Sign Co., Inc.*, the court said that it "has no doubt that in *Ryan* the Kentucky Supreme Court has articulated its belief that a currently unknown tortfeasor can be made a party for purposes of apportionment, when the evidence warrants it. Such a procedure is necessary to assure that each tortfeasor pay their fair share." *Douglas v. C. Rueff Sign Co., Inc.*, 2006 U.S. Dist. Lexis 10891, *3 (W.D.Ky. 2006). Similarly, in *Brown v. Mason & Dixon Lines, Inc.*, the court recognized that "unknown defendants can be apportioned fault for the purpose of determining another defendant's percentage of fault." *Brown v. Mason & Dixon Lines, Inc.*, 2009 WL 196105, *1 (W.D.Ky. 2009). In both cases, the courts granted a defendant's motion for leave to file a third-party complaint. This Court will do the same.

## III.  CONCLUSION

Accordingly, the Court finds that pursuant to Kentucky law, a defendant in an auto accident tort case can implead an unknown driver for purposes of apportionment.

Therefore, **IT IS HEREBY ORDERED** that the Defendants' Motion for Leave to File a Third-Party Complaint (DE 27) is **GRANTED**. The Clerk of the Court is **DIRECTED** to file the tendered Third-Party Complaint into the record.

This 2nd day of November, 2010.

Signed By:

*Karen K. Caldwell*

United States District Judge